UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS.
HOUSTON DISTRICT

United States Courts
Southern District of Texas
FILED

APR 08 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| Luretta Garner | ) | |
|     Complainant | ) . | |
| | ) | Civil No. |
| | ) | |
| V. | ) | Jury Trial Demanded |
| | ) | |
| Eric k. Shinseki | ) | |
| Secretary, Veterans Affairs, | ) | |
| Department Veterans Affairs | ) | |

## COMPLAINT

LURETTA GARNER Plaintiff in the above numbered and titled case, complains of ERIC SHINSEKI, Secretary of the Department of Veterans Affairs , Defendant in the above numbered and titled case, and for cause(s) of action would respectfully show unto the court and jury as follows:

## PARTIES

1. Plaintiff, LURETTA GARNER, is a citizen of the United States, resident of Harris County, Texas and is presently employed by the Department of Veterans Affairs. Plaintiff is a federal employee within the meaning of Section 701(f) and Section 717(a) of Title VII, 42 U.S.C. Section 2000e(f) and 16(a). Plaintiff is an African American over the age of 40.

2. Defendant, Eric Shinseki is the Secretary of Veterans Affairs (which is an agency of the United States federal government). Defendant Eric Shinsekii is sued in his official capacity as head of the Department Veterans Affairs, and as such, is amenable to suit as provided in Section 717(c) of Title VII, 42 U.S.C. Section 2000e16(c).

## JURISDICTION AND VENUE.

3. The jurisdiction of the Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, Section 701, *et. seq.*, as amended, 42 U.S.C.A. 2000e 5(f)(3) in that the unlawful employment practice was committed in the district where plaintiff worked . 42 U.S.C. Sec. 2000e(f)(3), 29 C.F.R. 1614, *et. seq.* and 28 U.S.C. Section 1346.

4. The injuries to Plaintiff and the damages suffered by Plaintiff and the occurrence(s) upon which this action is based, as alleged herein, occurred in Houston,, Texas.

## PROCEDURAL REQUIREMENTS.

5. Plaintiff filed a charge of discrimination that satisfied the requirement of 42 U.S.C. Section 2000e-5 with the Equal Employment Opportunity Commission [EEOC]. Such charge was filed within the statutory period after one or more of the alleged unlawful employment practices in violation of 42 U.S.C. Section 2000e-2 had occurred. All EEO investigative files and records regarding this case are in the possession of the Defendant to which reference can be made.

6. A proceeding was held before the Equal Employment Opportunity Commission, which has jurisdiction regarding Plaintiff's EEOC complaint. The Commission denied relief. Plaintiff has complied with the statutory prerequisites for maintaining her civil action as set forth in Title VII and the regulations issued thereunder.

## FACTS AND CLAIMS

7. Plaintiff is employed as a housekeeping aide. She filed her EEO complaint alleging hostile work environment/sexual harassment, religious discrimination, sexual discrimination

(female).

10. On July 15, 2012 Plaintiff received an email from Mr. Jobe which appeared occult and demonic stating his desire for sex. On November 20, 2012. Mr. Jobe squeezed plaintiff's buttocks and kissed her on the lips. After the kiss Mr Jobe asked plaintiff "are you going to hang". (referring to having sex.)

11 On or about February 28,, 2013 the Investigative Board of Investigation ( a disciplinary board of the Veteran Administration) conducted a hearing in which the Board found that Mr; Jobe, plaintiff's supervisor, engaged in sexual harassment. At the hearing Mr. Jobe admitted that he was asking Plaintiff for sex. This among other factors created an "uncomfortable working environment".

12. All of the above actions were taken by the Defendant in order to deprive the Plaintiff of her employment and other contractual opportunities.

13. Because of the willful actions of Defendant, which created a hostile work environment, Plaintiff has been and continues to be denied her right to equal employment opportunities in violation of the Civil Rights Act of 1964, 42 U.S.C.A. Section 2000e.

14. Plaintiff also brings this suit to recover for damages sustained by her as a result of the Defendant's violations of Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A 2000e *et. seq.* and 29 C.F.R 1614, et.seq.

15. By reason of such unlawful discriminatory treatment and the actions of Defendant and his employees, Plaintiff has suffered emotional distress and mental anguish, all to her damage and detriment for which she now sues. Defendant's action was a contributing and//or proximate cause of plaintiff's injuries.

.16. As the result of the occurrences and practices of the Defendant described above, Plaintiff has suffered a general injury constituting damage and harm to her body and mental state. Moreover, as a result of the Defendant's wrongs complained of herein including without limitation Defendant's unlawful employment practices, Plaintiff has suffered humiliation, embarrassment, severe emotional stress, mental anguish, insomnia and depression, and will in all reasonable probability continue to suffer from same in the future. The actions of Defendant and his employees caused Plaintiff to be placed in a psychiatric facility several times and she has sought psychotherapy resulting from the sexual harassment.

17. In addition, Plaintiff has suffered a loss of leave as a direct and proximate result of the wrongs done him by the Defendant of which complaint is made herein.

18..Accordingly, as a direct and proximate result of the conduct and//or omissions on the part of the Defendant, Plaintiff is entitled to recover at least the following damages:

(1) Mental anguish and emotional distress suffered in the past;

(2) Mental anguish and emotional distress which, in all reasonable probability, will be suffered in the future

19. By reason of the above and foregoing, Plaintiff has been damaged in the compensatory a sum of $300,000.00.

20. Plaintiff was compelled to employ an attorney to bring this action against Defendant for the reasons presented in the above-entitled cause, and for that purpose, Plaintiff has retained the services of the law firm of Ronald H. Tonkin and has agreed to pay a reasonable fee for such legal services. Plaintiff is entitled to recover his attorney's fees and all costs of this action pursuant to, inter alia, 42 U.S.C. Section 2000e-5(k).

21. Plaintiff hereby respectfully demands a trial by jury.

## PRAYER

22. WHEREFORE, PREMISES CONSIDERED, Plaintiff demands, requests and prays that the Defendant be duly cited to appear and answer herein, and that upon a final trial of this cause, Plaintiff have and recover:

1. Judgment against Defendant for Plaintiff's damages as set forth above;

2. Compensatory damages in the amount of $300,000.00;

3. Judgment against Defendant for reasonable and necessary attorney's fees and costs;

4. Interest on said judgment at the legal rate from date of judgment as provided for by law;

7.. Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

Date: April 8 ,2014                                   Respectfully submitted,

_____
Ronald H. Tonkin
Texas Bar Identification #20104500
2777 Allen Parkway, Suite 1080
Houston, Texas 77019
(713) 942-9111    FAX# (713) 942-0102
Attorney in Charge for Plaintiff, Jon Ali Kundak.